UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-163-RJC

| | |
|---|---|
| DAMEION CLEGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CUSTODY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint as provided for by 28 U.S.C. § 1915A. Pursuant to Section 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a upon which relief can be granted." Id. § 1915A(b)(1).

**I.  BACKGROUND**

Plaintiff initially filed his Complaint in the Eastern District of North Carolina. (Doc. No. 1). An initial review of the filing by the magistrate judge revealed that Plaintiff had failed to (1) sign his Complaint and (2) remit the $350.00 filing fee or submit an application to proceed without prepayment of fees and costs. (Doc. No. 3). The court ordered Plaintiff to correct these deficiencies within thirty (30) days. (Id.). Plaintiff filed a new Complaint that contained the same allegations as the first Complaint, but Plaintiff included his notarize signature and Plaintiff filed his motion to proceed without prepayment of fees and costs. (Doc. Nos. 4; 5). Another review was conducted of Plaintiff's Complaint and the Court determined that venue was proper in the

1

Western District of North Carolina because Plaintiff's Complaint indicated that he was an inmate in the Lanesboro Correctional Institution in Polkton, North Carolina, within the Western District, and the events in the Complaint took place at Lanesboro.[1] An Order was then entered transferring Plaintiff's case to this district. (Doc. No. 6).

Plaintiff names "Custody" as the sole defendant. (Doc. No. 1 at 3). The Court sets forth, in their entirety, the facts alleged in Plaintiff's Complaint:

> This Grievance is on Custody I want to know why you all Did not Go By the 490 Because it was on the computer Before I fell down 12 Step Head First I was telling the Sgt and c/o about me been up the stain now i am going through pain and suffering . . . Just want to know the Reason Because it is not a Excuse For This Problem to happen

(Id. at 4).

Plaintiff's asserts the following claim for relief:

> As it is the Fault of the Corrections Staff for Neglecting it own policies and procedures, I would like Fair Just compensation For my pain suffering IN whichever Form deamed satsifactory By Powers Appointed by Law

(Id. at 5).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997E(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. Section 1997E(a) provides that "No action shall be brought with respect to prison conditions . . . unless such administrative remedies are exhausted." The PRLR's exhaustion requirement is mandatory. See Anderson v. XYZ Corr.Heath Servs., Inc., 407 F.3d 674, 676-77 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "Even when the prisoner seeks relief not

---

[1] The Court notes that according to the North Carolina Department of Public Safety's website, accessed on April 27, 2012, Plaintiff is now housed in Central Prison in Raleigh, and is being kept in Disciplinary Segregation.

2

available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id.

The "failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 209-224 (2007)). However, the district court may raise the affirmative defense of exhaustion on its own motion under the PLRA so long as the plaintiff is provided an opportunity to respond. Moore, 517 F.3d at 725 (citing Anderson, 407 F.3d at 682). A principle purpose of the exhaustion requirement is to provide the prison grievance system an opportunity to address the alleged facts that may later form the basis of a federal complaint. Jones, 549 U.S. at 219; Moore, 517 F.3d at 729.

In his Complaint, Plaintiff states that he participated in the state administrative procedure but he does not disclose any information regarding the outcome nor has he attached a copy of his grievance or any subsequent filings. The Court finds that this dearth of information, deliberate or otherwise, does not satisfy the PLRA's exhaustion requirement. The Court will provide Plaintiff with thirty (30) days from entry of this Order to provide information regarding exhaustion, whether through an amended complaint, or through an statement, but either method must fully address the complete history of the grievance procedure he avers he filed regarding the allegations he raises in his Complaint. (Doc. No. 4 at 2).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide full and complete information regarding the grievance procedure he avers he participated in to this Court within thirty (30) days of the filing of this Order. Failure to do so will result in dismissal of Plaintiff's

Complaint without prejudice. (Doc. Nos. 1; 4).

The Clerk of Court is directed to send a copy of this Order to Plaintiff at the address on file with the North Carolina Department of Public Safety's website which was accessed on April 27, 2012: Dameion Clegg, Inmate # 0078781, Central Prison, 1300 Western Blvd, Raleigh, North Carolina 27606.

Signed: May 18, 2012

Robert J. Conrad, Jr.
Chief United States District Judge