UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-163-RJC

| | |
|---|---|
| DAMEION CLEGG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CUSTODY, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Complaint as provided for by 28 U.S.C. § 1915A, and Plaintiff's Application to Proceed Without Prepayment of Fees or Costs. (Doc. No. 5). The Court has examined Plaintiff's Application and a copy of his prisoner trust statement, (Doc. No. 13 at 6-9), and concludes that his Application should be allowed.

Pursuant to Section 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a upon which relief can be granted." Id. § 1915A(b)(1).

**I.     BACKGROUND**

Plaintiff initially filed his Complaint in the Eastern District of North Carolina (Western Division). (Doc. No. 1). An initial review of the filing by the magistrate judge revealed that Plaintiff had failed to (1) sign his Complaint, and (2) remit the $350.00 filing fee or submit an application to proceed without prepayment of fees and costs. (Doc. No. 3). The court ordered Plaintiff to correct these deficiencies within thirty (30) days. (Id.). Plaintiff filed a new

1

Complaint that contained the same allegations as the first Complaint, but Plaintiff included his notarized signature and Plaintiff filed his motion to proceed without prepayment of fees and costs. (Doc. Nos. 4; 5). Another review was conducted of Plaintiff's Complaint in the Eastern District, and the Court determined that venue was proper in the Western District of North Carolina because Plaintiff's Complaint indicated that he was an inmate in the Lanesboro Correctional Institution ("CI"), in Polkton, North Carolina, within the Western District, and the events in the Complaint appeared to have all taken place at Lanesboro CI. An Order was then entered transferring Plaintiff's case to this district. (Doc. No. 6).

According his Complaint, Plaintiff is an inmate in the Lanesboro Correctional Institution in Polkton, North Carolina. (Doc. No. 1 at 3). Plaintiff names "Custody" as the sole defendant. (Id.). The Court sets forth, in their entirety, the facts alleged in Plaintiff's Complaint:

> This Grievance is on Custody I want to know why you all Did not Go By the 490 Because it was on the computer Before I fell down 12 Step Head First I was telling the Sgt and c/o about me been up the stain now i am going through pain and suffering . . . Just want to know the Reason Because it is not a Excuse For This Problem to happen

(Id. at 4).

Plaintiff's asserts the following claim for relief:

> As it is the Fault of the Corrections Staff for Neglecting it own policies and procedures, I would like Fair Just compensation For my pain suffering IN whichever Form deamed satsifactory By Powers Appointed by Law

(Id. at 5).

## II.  LEGAL STANDARD

Section 1983 provides a remedy where a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout,

2

448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff ."). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff's Complaint fails to state a claim for relief for two reasons. First, Plaintiff names as the sole Defendant someone or something named "Custody." Although Plaintiff identifies a "Sgt" and a "C/O", he does not do so by name. Plaintiff's failure to name a Defendant is fatal to this Section 1983 as there is no person that is reasonably identifiable upon which to effect service of process. Second, Plaintiff's allegations regarding injury, at best, raise a claim of

3

negligence and failure of the custodian to follow its own internal policies and procedures. Both of these claims for relief fail to state a claim for relief as a matter of law.

    A.    <u>Negligence</u>

Although not a model of pleading, it is fair to say that Plaintiff has stated a faintly colorable claim for negligence. However, as noted herein, a claim for negligence will not lie in a Section 1983 action. <u>See</u> <u>Woodward v. City of Worland</u>, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made clear that liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by the defendant. In cannot be predicated upon negligence.") (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 389 (1989)). Even when read liberally, Plaintiff's Complaint does not fairly allege deliberate action on the part of anyone. Accordingly, Plaintiff's claim for negligence will be dismissed.

    B.    <u>Failure to Follow Policies and Procedures</u>

In his Complaint, Plaintiff states that "it is the fault of the corrections staff for neglecting [its] own policies and procedures." (Doc. No. 1 at 5). Plaintiff appears to allege that corrections staff did not follow procedure before Plaintiff attempted to descend stairs. As a result, Plaintiff contends he fell and suffered injury.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 481-82 (1995), the Supreme Court indicated that prison regulations are not designed to confer rights or benefits upon inmates. On the contrary, they are primarily designed to guide correctional officials in the administration of prisons. <u>Id.</u> Therefore, a claim that prison officials have not followed their own policies does not, without more, amount to a constitutional violation. <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996); <u>see also</u> <u>United States v. Caceres</u>, 440 U.S. 741, 751-52 (1979) (finding mere violations of agency regulations do not raise constitutional questions); <u>Riccio v. Cnty. of Fairfax</u>, 907 F.2d

1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the constitution requires, a state's failure to abide by its own law is not a federal violation). Plaintiff's claim that "Custody" or other nameless individuals failed to follow an unidentified procedure fails to state a claim for relief under Section 1983, and will therefore be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Costs or Fees, (Doc. No. 5), is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: June 25, 2012

Robert J. Conrad, Jr.
Chief United States District Judge